[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On June 15, 1994 the jury rendered a verdict in the above matter. A defendant's verdict was returned for the defendant Armindo Pires, and a plaintiff's verdict was rendered for the plaintiff against the defendant Manuel Pires. The plaintiff has now filed two motions to set aside the verdict, (1) a motion to set aside the verdict as to damages only, and (2) to set the complete verdict aside.
The plaintiff's verdict which was accepted and recorded by the court found the plaintiff 50% responsible, and the defendant Manuel Pires also 50% responsible for the plaintiff's injuries. The jury also found the plaintiff was not entitled to any economic or CT Page 6273 noneconomic damages. The jury then found the plaintiff was not entitled to recover any damages from the defendants.
The evidence presented during the trial did establish the plaintiff sustained personal injuries and substantial medical expenses as a result of the incident.
The jury's conclusion in finding the issues for the plaintiff that she was 50% negligent under our rules of comparative negligence but she was not entitled to recover any damages from the defendant Manual Pires indicates an ambiguity in the jury verdict. Such an ambiguity requires a rehearing in full, on both liability and damages. Malmberg v. Lopez, 208 Conn. 675.
For the foregoing reasons the motion to set aside the verdict against Manuel Pires is granted.
The motion to set aside the verdict as to Armindo Pires is denied.
Howard F. Zoarski, Judge CT Page 6274